UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Naga Ru 7, and Baba Dainja El, | Civ. No. 17-4237 (ADM/BRT) |
| Plaintiffs, | |
| v. | |
| Latasha Rochelle Kilgore Dainja, State of Minnesota Inc., Minnesota Department of Human Services, Minnesota Department of Revenue, County of Hennepin, et. al., Legal Aid Society of Minneapolis, | REPORT AND RECOMMENDATION |
| Defendants. | |

---

BECKY R. THORSON, United States Magistrate Judge.

This matter is before the Court on Plaintiffs' application for leave to proceed *in forma pauperis* ("IFP") as permitted by 28 U.S.C. § 1915. (Doc. No. 2.) For the reasons discussed below, this Court recommends that the IFP application be denied and this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP applicant's complaint will be dismissed if the complaint fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Under Rule 8 of the Federal Rules of Civil Procedure, "a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8. In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept

as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are to be construed liberally, but "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiffs' Complaint is not "short and plain" or "simple, direct and concise." Instead, the Complaint is 41 pages long and is incomprehensible. The 387 pages of documents that are attached to the Complaint are similarly unintelligible. Plaintiffs appear to be making allegations involving a child custody dispute or child support collection against one of the Plaintiffs (*see* Doc. No. 1 at 6, 12), but has titled the Complaint "Independent Admiralty Maritime 9(H) Action." (Doc. No. 1 at 1.) Even the Plaintiffs named in the caption are unclear. One Plaintiff is an entity called "Naga Ru 7," which is described as "an Indigenous Religious Unincorporated Association Business for all Indigenous Peoples of the world that is governed by Natural Law." (Doc. No. 1-3 at 8.) The 41-page Complaint is comprised of allegations like the following:

- "The term 'Naga Ru 7' means the 'Plaintiff', 'Claimant', and the Ecclesiastical Unincorporated Association . . . that is authorized by, and on behalf

- of Baba Dainja El, to possess, hold and maintain all droit-droit rights, enforceable commercial collateral claims of interest, Security Trust Agreement-Contract . . . ." (Doc. No. 1 at 2.)

- "Coincidentally, after these nefarious, discriminatory, unfair, inhumane, and peonage-involuntary servitude acts exhibited by 'Kangaroo Quam', 'Kangaroo Jane', and Attorney Anna Andow, the entire nature of this Title IV-D proceeding was converted into a commercial matter . . . ." (Doc. No. 1 at 12.)

- "Furthermore, as a result of the Defendants nefarious, misleading, deceptive, and semantic unconstitutional acts, omissions, and alleged 'judicial' legal determinations / Summary processes made against this Affiants' private Estate, this Affiant initiated a direct investigation into the apparent authority of the Defendants other officers and employees of the 'D.B.A. Kangaroo Court' acting in collusion as de jure Judicial and / or Legislative, Executive government officers of America." (Doc. No. 1 at 15.)

- "After the Defendants failed to cure their fault and timely respond with honor to the 'NOTICE OF CONTUMACY & ADMINISTRATIVE FAULT IN COMMERCE', a 'Notice of Default and Dishonor in Commerce and Administrative Pro Confesso Proclamation Judgment by Estoppel w/ Certificate of Dishonor by Notarial Protest' was authenticated, and executed for the record on Dec. 11, 2015." (Doc. No. 1 at 20.)

The court is unable to plausibly infer that the named Defendants did anything illegal from these indecipherable allegations. It is therefore recommended that this action be dismissed without prejudice for failure to state a claim.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The application for leave to proceed *in forma pauperis* (Doc. No. 2) be **DENIED**; and

2. The Complaint be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: October 31, 2017           __s/Becky R. Thorson_____
                                  BECKY R. THORSON
                                  United States Magistrate Judge

## NOTICE

Filing Objections: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).